FILED

DEC 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50432 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-01567-BEN |
| v. | |
| SANTIAGO OSUNA-CHINO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Santiago Osuna-Chino appeals from the district court's judgment and challenges his guilty-plea conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

On appeal, Osuna-Chino contends for the first time that his conviction should be vacated because the district court failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(E) when it failed to inform him expressly that he had a right to testify and that, by pleading guilty, he would be giving up that right. We review for plain error, *see United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004), and find none. The district court advised Osuna-Chino that he had "the right to put on a defense." Even if this was not sufficient to comply with the rule, given the strength of the government's case and the substantial benefit Osuna-Chino obtained by pleading guilty, he cannot demonstrate that the error affected his substantial rights. *See id.* at 83 (to prevail on plain error review, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea").

**AFFIRMED.**